UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. DANIELS, II.<br><br>    Plaintiff,<br><br>v.<br><br>F.C.U. RAPE UNIT, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-01682-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 2] |

Plaintiff L.M. Daniels, II. is appearing *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on November 25, 2019, along with a motion to proceed in forma pauperis.[1] (ECF Nos. 1, 2.)

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to

---

[1] On the form complaint, Plaintiff lists Tony Botti on the line for the name of the Plaintiff. (ECF No. 1 at 1.) However, on the next page, Plaintiff lists Toni Botti, Chief Spokesperson for the Fresno County Jail as a Defendant. (Id. at 2.) Thus, it is clear that L.M. Daniels, II is the Plaintiff and Toni Botti is a Defendant.

1

the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Daniels v. Piearcy, et.al., Case No. 1:10-cv-00630-JLT (E.D. Cal.) (dismissed on February 24, 2011, for failure to state a claim); (2) Daniels v. Watson, Case No. 1:09-cv-02033-MJS (E.D. Cal.) (dismissed on November 3, 2011, for failure to state a claim and for failure to comply with the Court's orders); (3) Daniels v. Fresno County Jail, et al., Case No. 1:15-cv-00960-BAM (E.D. Cal.) (dismissed on October 3, 2016, for failure to state a claim and for failure to comply with the Court's orders).[2,3]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on November 25, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial,

---

[2] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).")

[3] The Court notes that case numbers 1:10-cv-00630-JLT (E.D. Cal.) and 1:09-cv-02033-MJS list Plaintiff's prison identification number as CDCR G-46837, and case number 1:15-cv-00960-BAM as well as the instant case list the prison identification as 0221869. However, based on a review of the dockets and pleadings in all of these cases the Court is satisfied that all of these actions were filed by the same Plaintiff who has been in and out of custody of CDCR and Fresno County Jail.

as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. Plaintiff contends that on November 12,2019, between 2:00 and 5:00 p.m., he woke from sleeping and was assaulted with a foreign object to the point of "bloodshed" by another inmate. Plaintiff contends that officer Vasquez witnessed the incident. Plaintiff was not provided any medical attention and no investigation was conducted. Plaintiff's allegations which are based on an isolated incident which took place on November 12, 2019, prior to filing of the instant complaint do not demonstrate imminent danger of serious physical injury. In addition, there are no facts to support that Plaintiff suffered from an ongoing pattern of misconduct. Accordingly, the imminent danger exception to § 1915(g)'s three-strikes provision cannot and does not apply here. See Andrews, 493 F.3d at 1055; see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding failure to protect allegations against prison officials who put an inmate convicted of sexual battery in general population failed to meet imminent danger standard because the threat had ceased prior to filing the complaint and there were no allegations that plaintiff was in imminent danger of serious physical injury at the time he filed his complaint that that he was in jeopardy of any ongoing danger): Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan.").

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2.) be denied; and
2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

///

3

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 5, 2019**

UNITED STATES MAGISTRATE JUDGE